UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LESLIE LAVERNE ALEXANDER** | * | **CIVIL ACTION NO.  09-0349** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **FRANKLIN MEDICAL CENTER-NEWELLTON, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

On August 17, 2009, the Clerk of Court issued a Notice of Intent to Dismiss due to plaintiff's apparent failure to timely perfect and file returns of service. [doc. # 6].  The Clerk allotted plaintiff ten (10) calendar days from the issuance of the notice to file a motion to extend the service period or to file good cause for her failure to perfect service.  *Id*.  On August 28, 2009, plaintiff filed a response to the notice wherein she stated that she "did in fact certify and request for a return receipt from each name [sic] defendant." [doc. # 7].  She represented that she waited for over three months, but never received a return receipt from any named defendant.  *Id*. On September 1, 2009, the undersigned reviewed the record and observed that plaintiff had failed to properly serve any defendant.  (Sept. 1, 2009, Order [doc. # 8]).

However, due to plaintiff's pro se status and her previous endeavors to perfect service, the undersigned granted plaintiff an additional 60 days to effect service.  *Id*.  The undersigned directed plaintiff to notify the defendants "of the commencement of the action and request that the defendant[s] waive service of a summons" in accordance with ¶¶ (A)-(G) of Federal Rule of Civil Procedure 4(d)(2).  *Id*.  The undersigned further explained that should any defendant refuse

to waive service within 30 days after a request is sent, then plaintiff may ask the court to effect service for said defendant via U.S. marshal.[1]

The court cautioned plaintiff that her failure to comply with the requirements of this order may result in dismissal of her case. *See* Fed.R.Civ.P. 4(m), 41; LR 41.3W. The 60 day period has since lapsed, and no response has been filed by plaintiff.[2]

## LAW AND ANALYSIS

In the absence of good cause, the Federal Rules of Civil Procedure provide for dismissal of an unserved defendant when service is not perfected within 120 days after suit is initiated against the defendant. *See*, Fed.R.Civ.P. 4(m). In this case, plaintiff filed the instant suit against defendants approximately eight months ago. There is currently no expectation or reasonable likelihood that she intends to perfect service against defendants. *Contrast, Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008). Plaintiff also has not demonstrated any basis which would establish good cause for her continued failure to timely effect service.[3]

---

[1] Of course, in conjunction with a request for service by marshal, plaintiff was required to provide the court with a valid physical address for each defendant for whom she requested service.

[2] Upon good cause shown, plaintiff was advised that she could file a motion to extend the additional 60 day service period (before the 60 day period expired). *Id*.

[3] "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011 (5th Cir. 1990). Moreover, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).
   While the court is acutely aware of plaintiff's *pro se* status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v.*

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED, without prejudice**. LR 41.3W, Fed.R.Civ.P. 4(m).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 12th day of November 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

*Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

3